# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLISHA ALLEN,<br>Individually and on behalf of all others<br>Similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>R.J. VAN DRUNEN & SONS, INC.,<br><br>    Defendant. | Case No. _____ |

## NOTICE OF REMOVAL

Defendant R.J. Van Drunen & Sons, Inc. ("VDF") hereby gives notice of removal of this action from the Circuit Court of the Twenty First Judicial Circuit, Kankakee County to the United States District Court for the Central District of Illinois.

As more fully set forth below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), in that Plaintiff's action constitutes a class action (as defined in 28 U.S.C. § 1332(d)(1)(B)) pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453 ("CAFA"), the members of the proposed class exceed 100, there is minimal diversity between the class and VDF, and the amount in controversy exceeds $5,000,000.

**I. STATE COURT ACTION**

On March 31, 2020, Plaintiff Tylisha Allen, on behalf of herself and all others similarly situated ("Plaintiff"), commenced this action in the Circuit Court of the Twenty First Judicial Circuit, Kankakee County, titled *Allen v. R.J. Van Drunen & Sons, Inc.*, No. 2020L42.  VDF was served with copies of the summons and complaint on April 3, 2020, copies of which are attached hereto as Exhibit 1.

The Complaint alleges that VDF violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"), by "requiring employees to be fingerprint scanned, and then using biometric information captured from those fingerprint scans, and data derived therefrom, to identify the employee and track employee work time." Ex. 1 at ¶50. In particular, Plaintiff alleges that "Defendant has not, on information and belief, properly informed employees in writing that a biometric identifier or biometric information is being captured, obtained, collected or stored; informed employees in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; obtained employees' proper written consent to the capture, collection, obtainment or storage of their biometric identifier and biometric information derived from it; or obtained employees' executed written release as a condition of employment." *Id.* at ¶56. Moreover, the Complaint alleges that VDF "systematically and automatically disclosed, redisclosed, or otherwise disseminated Plaintiff's and the Class's biometric identifiers and/ or biometric information."

Based on these allegations, Plaintiff asserts three claims: (1) violation of 740 ILCS 14/15(a) for "failure to institute, maintain, and adhere to publicly available retention schedule," (2) violation of 740 ILCS 14 /15(b) for "failure to obtain informed written consent and release before obtaining biometric identifiers or information," and (3) violation of 740 ILCS 14 /15(d) for "disclosure of biometric identifiers and information before obtaining consent."

Plaintiff's proposed class consists of:

All persons who were enrolled in the biometric timekeeping system and subsequently used a biometric timeclock while employed/working for Defendant in Illinois during the applicable statutory period

*Id.* at ¶71.

**II.    This Class Action is Removable Under the Class Action Fairness Act.**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). This action is removable because the U.S. district courts have original jurisdiction pursuant to CAFA. CAFA confers subject matter jurisdiction where: (1) the proposed number of class members is 100 or more; (2) the parties are minimally diverse; and (3) the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d).

**A.    The proposed class consists of more than 100 individuals.**

Plaintiff has filed a motion for class certification in the state court action seeking to certify a class "consisting of several hundred or more individuals." *See* Motion for Class Certification, attached hereto as Ex. 2. Accordingly, the proposed class consists of more than 100 individuals.

**B.    Minimal Diversity Is Satisfied.**

CAFA provides that minimal diversity exists if any member of the proposed class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Here, VDF is an Illinois corporation, but its headquarters in Momence, IL, is less than eight miles from the Indiana border. VDF has employees who are non-Illinois citizens and who are enrolled in what the Complaint terms its "biometric timekeeping system" (hereinafter, "VDF's Timekeeping System"). *See* Declaration of Stephanie J. Harris at ¶5, attached hereto as Ex. 3.

The proposed class includes anyone who used VDF's Timekeeping System while "employed/working for Defendant in Illinois." Ex. 1 at ¶71. This definition includes VDF's non-Illinois employees. Because the proposed class includes at least one non-Illinois citizen and VDF is an Illinois citizen, minimal diversity is satisfied.

### C. The Amount In Controversy Exceeds $5 Million

Under CAFA, the claims of the individual plaintiffs in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(6), (d)(11). Plaintiff's claims meet the jurisdictional threshold set forth in § 1332(d)(6), in that, if awarded, the aggregate amount of the damages and other relief sought by the putative class would exceed $5,000,000, exclusive of interest and costs.

Where, a complaint fails to plead a specific amount of damages or disclaim an amount of damages in excess of $5,000,000, the party seeking removal need only make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). A party seeking to remove under CAFA must establish the amount in controversy by showing "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). "Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Id.* at 448–49 (citing *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)).

Here, Plaintiff has filed a motion for class certification seeking to certify a class "consisting of several hundred or more individuals." Ex. 2. As to each of the "several hundred or more individuals," Plaintiff alleges at least three separate violations of BIPA: (1) failure to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA (Count I), (2) failure to obtain informed written consent and release before obtaining biometric identifiers or information (Count II), and (3) disclosure of biometric identifiers and information before obtaining consent (Count III).

The complaint seeks "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA" (Ex. 1 at ¶¶ 84, 94, and 103) and asks that the Court declare that "Defendant's actions . . . were intentional or reckless." Thus, if the proposed class exceeds 333 individuals, the amount in controversy will exceed $5 million. According to Plaintiff, the class may consist of more than 1,000 individuals (i.e., *more than* "several hundred"). Ex. 2 at 1. Regardless, more than 333 VDF employees have used VDF's Timekeeping System over the last five years. Ex. 3 at ¶4. Accordingly, the amount in controversy exceeds $5 million.

In sum, the amount in controversy exceeds $5 million because Plaintiff seeks $5,000 per violation and has alleged at least three violations for each of the more than 333 proposed class members.

### D.     Venue is Proper.

The Central District of Illinois is the proper venue for this action upon removal because this "district and division embrace" the Circuit Court of the Twenty First Judicial Circuit, Kankakee County. *See* 28 U.S.C. § 1441(a).

### E.     VDF has satisfied all other requirements of the removal procedure.

This Notice of Removal is timely filed. VDF was served with a copy of the Complaint and Summons on April 3 and VDF filed and served this Notice of Removal within 30 days of service of the Complaint, in compliance with 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a).

True and correct copies of all process and pleadings served upon VDF are being filed herewith as Exhibits 1 and 2. No other pleadings, process, or orders have been filed to date in this matter in the Kankakee County Court.

Pursuant to 28 U.S.C. § 1446(d), VDF will promptly serve on Plaintiff and file with the Kankakee County Court a "Notice to Adverse Party of Removal to Federal Court."

### III. RESERVATION OF RIGHTS

VDF hereby reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of VDF's defenses.

WHEREFORE, Defendant VDF hereby removes this case from the Circuit Court of the Twenty First Judicial Circuit, Kankakee County, where it is now pending, to this Court

Date: May 1, 2020

R.J. Van Drunen & Sons, Inc.

By: /s/ W. Kyle Walther

A. Colin Wexler (admission application pending)
W. Kyle Walther
Takayuki Ono
GOLDBERG KOHN, LTD.
55 East Monroe, Suite 3300
Chicago, Illinois 60603
312-201-4000
Colin.Wexler@goldbergkohn.com
Kyle.Walther@goldbergkohn.com
Takayuki.Ono@goldbergkohn.com

*Attorneys for R.J. Van Drunen & Sons, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2020, a copy of the foregoing document has been served via email on counsel for Plaintiff as follows:

Brandon M. Wise
Paul A. Lesko
PEIFFER WOLF CARR&. KANE, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
Email: bwise@pwcklegal.com
Email: plesko@pwcklegal.com

                                                                     /s/ A. Colin Wexler

                                                                       A. Colin Wexler